


Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6129 | **DATE** | October 3, 2011 |
| **CASE TITLE** | Penn Mutual Life Insurance Co. v. Greatbanc Trust Co. et al. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant's Motion to Amend (doc. # 112) and Motion for Judgment on he Pleadings (doc. #114).

■[ For further details see below.]        Docketing to mail notice.

## STATEMENT

Penn Mutual Life Insurance Company filed a three-count complaint against the Greatbanc Trust Company and other Defendants alleging that the Defendants participated in a stranger originated life insurance (STOLI) scheme. Illinois law prohibits a person who has no interest in the continuance of another's life from speculating on that life by purchasing insurance on it. *Colgrove v. Howe*, 175 N.E. 569, 571 (Ill. 1931); *Bajwa v. Metro. Life Ins. Co.*, 776 N.E.2d 609, 616-17 (Ill. App. Ct. 2002). The first two counts of Penn Mutual's complaint seek a declaratory judgment that the policy is void *ab initio* based on the Defendants' material misrepresentations and on a lack of insurable interest. The third count seeks damages against the Defendants based upon the material misrepresentations.

Although Penn Mutual served the Complaint on Greatbanc in October 2009, Greatbanc moved in August 2011 — 22 months later — to amend its answer. Greatbanc proposes relatively minor changes to its answer. In short, Greatbanc continues to deny the substantive factual allegations underlying Penn Mutual's complaint, but wishes to add a sentence "conceding" to Penn Mutual's request for a declaratory judgment.

Paragraph 55 of the Complain reads "Penn Mutual is thus entitled to a judicial declaration that, pursuant to applicable law, the Rosenblatt-Spitzer Policy is void *ab initio*, as it was issued by Penn Mutual in reliance upon material misrepresentations." In its proposed amended answer, Greatbanc first states that Paragraph 55 calls for legal conclusions that require no answer. Of course, Greatbanc's objection is not correct. Rule 8 requires a party to respond to legal conclusions. *Pavlic v. FDIC*, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010) (noting that Rule 8(b) requires a party to respond to all allegations); *Bell v. Delta Mgmt. Assoc., Inc.*, 2010 WL 1611088, at * 1 (N.D. Ill. Apr. 21, 2010). It next states that "to the extent that an answer is required, [Greatbanc] denies the

# STATEMENT

same." The Proposed Amended Answer then adds the following sentence: "[i]n further answering, Defendant consents to a judicial declaration that the Rosenblatt-Spitzer Policy is rescinded and that Plaintiff must return all premiums paid to it to date on the Rosenblatt-Spitzer Policy." Greatbanc's proposed amendment to Paragraph 60 contains a similar addition.

Rule 8(b) of the Federal Rules of Civil Procedure allows for three responses to pleadings. Fed. R. Civ. P. 8(b). A party must either admit or deny an allegation or state that it lacks knowledge or information sufficient to form a belief about the truth of the allegation. It also requires a party to "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Here, Greatbanc's proposed response can hardly be described as fairly responding to the substance of the allegations. In its first breath, it claims no response is necessary. In its second, it denies the allegation that Penn Mutual is entitled to a judicial declaration that the policy is void because it was issued in reliance upon Defendants' material misrepresentations. In its third, it reverses course, completely, and states that it concedes that the policy should be rescinded (making it void *ab initio*). Greatbanc cannot both admit and deny the allegation. It must choose one or the other.

Because Greatbanc's Proposed Amended Answer does not comport with Rule 8(b), the Court DENIES leave to amend. Further, because Greatbanc's Motion for Judgment on the Pleadings is predicated upon its amended answer, the Court DENIES that motion as well.

*Wm. J. Hibbler*