

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6129 | **DATE** | November 30, 2011 |
| **CASE TITLE** | Penn Mutual Life Insurance Co. v. Greatbanc Trust Co. et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant Greatbanc's Motion to Amend (doc. #124).

■[ For further details see below.] Docketing to mail notice.

## STATEMENT

Penn Mutual Life Insurance Company filed a three-count complaint against the Greatbanc Trust Company and other Defendants alleging that the Defendants participated in a stranger originated life insurance (STOLI) scheme. The first two counts of Penn Mutual's complaint seek a declaratory judgment that the policy is void *ab initio* based on the Defendants' material misrepresentations and on a lack of insurable interest. The third count seeks damages against the Defendants based upon the material misrepresentations.

Although Penn Mutual served the Complaint on Greatbanc in October 2009, Greatbanc moved in August 2011 to amend its answer. Because Greatbanc's Proposed Amended Answer did not comport with Rule 8(b), the Court denied leave to amend. The pleading war continues as Greatbanc again moves for leave to amend its answer.

As it did with its previous proposed amended answer, Greatbanc continues largely to deny the substantive factual allegations underlying Penn Mutual's complaint. For example, it denies Paragraphs 10-19 of the complaint, which concern the nature of STOLI schemes. It denies Paragraphs 20-22, 25, and 27-29 of the complaint, which detail parts of the scheme to procure the life insurance policy at issue. And it denies Paragraphs 48-54, which concern the material misrepresentations made in procuring the life insurance policy. Still, at the end of the conclusion of Counts I and II of the complaint, Greatbanc admits that the insurance policy was void *ab initio*. In short, Greatbanc admits that there were material misrepresentations and that the policy lacked an insurable interest, but denies that it played any part in any alleged scheme.

U.S. DISTRICT COURT
2011 NOV 30 AM 11:30
FILED

## STATEMENT

In its proposed amended answer, Greatbanc also seeks to add a counterclaim for restitution, asserting that Penn Mutual must return any premiums paid by it as trustee of the insurance trust that was created as part of the purchase of the insurance policy.

Penn Mutual does not object to Greatbanc's amending of its responses to Penn Mutual's allegations. In fact, Penn Mutual goes so far as to suggest that the effect of Greatbanc's admissions is to require the Court to enter an order granting it a declaratory judgment in Counts I and II and further declaring that Penn Mutual need not return any of the premiums it has received. The only motion before the Court, however, is Greatbanc's motion to amend. Penn Mutual has not filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Even if Penn Mutual had filed a Rule 12(c) motion, it is not clear that such a motion would be appropriate. As noted earlier, Greatbanc has largely denied the underlying factual predicate of Penn Mutual's claim (or at least its own involvement in the alleged STOLI scheme). While Greatbanc admits that the policy is void *ab initio*, it disputes its culpability and apparently the legal effect that admission. Penn Mutual appends mountains of material not included in the pleadings in an effort to convince the Court that its side of the dispute is the correct one, but only the pleadings, and not matters outside of them, may be considered on a Rule 12(c) motion. More appropriate would be a motion for summary judgment under Fed. R. Civ. P. 56.

Penn Mutual objects to Greatbanc's proposed counterclaim, arguing that the counterclaim would be futile. Rule 15 states that leave to amend should be freely given where justice requires. Fed. R. Civ. P. 15(a). Where there is there is an absence of bad faith, undue delay, dilatory motives or prejudice to the non-moving party and the proposed amendment is not futile, leave should generally be granted. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). A proposed amended claim is futile if it would not withstand a motion to dismiss or strike. *Id.* Again, Penn Mutual bases its argument that Greatbanc's proposed counterclaim would be futile on documents it appends to its response to Greatbanc's motion to amend. Matters outside the pleadings may not be considered on a motion to dismiss, unless it is converted to a motion for summary judgment. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). The Court cannot find that Greatbanc's proposed counterclaim is futile simply from the face of the pleadings.

Penn Mutual also argues that Greatbanc's proposed counterclaim is brought in bad faith and points to the evidence it attaches to its response in support. While the evidence Penn Mutual submits suggests that Greatbanc's proposed counterclaim seems to lack merit, it represents only Penn Mutual's version of events and Greatbanc has not yet submitted its evidence. Given this one-sided version of events, the Court cannot presume that Greatbanc has acted in bad faith simply because it appears possible that the counterclaim might not withstand a motion for summary judgment. The Court reminds Greatbanc and its counsel, however, that all filings must comport with Rule 11 and should the Court later find that it filed a counterclaim without any arguable basis in fact or law it will entertain a motion under Rule 11 for sanctions.

The Court GRANTS Greatbanc's Motion to Amend. For clarity's sake, the Court takes no position on the effect of any admissions made by Greatbanc.

Wm. J. Hibbler