Order Form (01/2005)
Case: 1:09-cv-06129 Document #: 196 Filed: 01/18/13 Page 1 of 3 PageID #:1758

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 06129 | **DATE** | 1/18/2013 |
| **CASE TITLE** | Penn Mutual Life Ins. Co. v. GreatBanc Trust Co. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's motion for a protective order [193] is denied.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, The Penn Mutual Life Insurance Company, ("Penn Mutual") seeks a protective order with respect to five depositions noticed by defendant GreatBanc Trust Co. ("GreatBanc"). GreatBanc has noticed depositions in Chicago of five Penn Mutual employees who work and reside in and around Philadelphia, Pennsylvania (where Penn Mutual is based). Each of the five witnesses was recently deposed in another pending case in this district (No. 09 C 6366, *The Penn Mutual Life Ins. Co. v. GreatBanc Trust Co. as trustee of the Horace Windham 2007 Ins. Trust et al.*) which involves, according to Penn Mutual, "the same exact life insurance scheme perpetrated by the same individual and entities, the same real parties in interest, and the same attorneys." Penn Mutual seeks to bar GreatBanc from asking questions that were posed during the depositions in the *Windham Trust* case (as well as questions posed in several other cases involving largely the same subject matter that Penn Mutual filed in Delaware state court), offering to execute limited waivers of the confidentiality orders entered in those cases to permit GreatBanc to use the transcripts of the prior questions and answers in those depositions in this case. To the extent that there are other questions specific to this case that were not asked in the other cases, Penn Mutual seeks an order requiring that those questions be posed by telephone or in depositions to be conducted in Philadelphia.

As an initial matter, the Court disagrees with Penn Mutual's description of the remaining issue in this case—which party is entitled to the premiums paid on the policy—as a "very narrow" one. As the Court's prior order suggests, that issue turns largely on the equities surrounding the issuance of the life insurance policy in question and could therefore involve the conduct of numerous individuals. Penn Mutual joined the defendants in requesting a fact discovery period of six months after the Court issued its ruling on the parties' prior motions, a request that belies its present assertion that the remaining issue is "very narrow." Thus, it is neither surprising nor problematic that GreatBanc has sought to depose a number of Penn Mutual's employees.

**STATEMENT**

While the Court agrees with Penn Mutual that it seems quite inefficient to conduct largely redundant depositions in multiple cases, the fact that Penn Mutual employees are subject to depositions that include redundant questions is the product of its own decision to file multiple law suits concerning the same subject matter and its subsequent failure to take any measures to coordinate discovery in any of those law suits. Most notably, Penn Mutual filed this law suit and the *Windham Trust* law suit within nine days of one another (October 1, 2009, and October 9, 2009, respectively), but has never sought to coordinate any of the discovery in the two cases either formally by motion in either case or (as far is the Court is aware) informally by agreement of counsel. Indeed, its motion reflects that the issues in the Wyndham Trust suit are largely the same as in this suit, and these witnesses were deposed three months ago, yet it took no action at all to address what was eminently foreseeable—namely, that GreatBanc would seek to depose some or all of the same Penn Mutual employees in both cases. Penn Mutual having failed to do anything to avoid the problem about which it now complains, the Court is not disposed to relieve it from the consequences of what appear to be its strategic and tactical choices.

Beyond that consideration, the Court doubts that precluding questions previously asked would be as simple as it sounds. That proposal may well end up complicating, rather than simplifying, the depositions given the potential for disagreements about whether a question is, in fact, redundant to a question posed in a prior deposition and whether it forecloses, or requires, further inquiry. Further, GreatBanc did not conduct its prior depositions with any knowledge that its questions might have to serve in other cases, and it is entirely possible that GreatBanc's questions would have been framed differently and/or included further follow up had it been aware of that possibility. That problem is exacerbated by the fact that there are parties to this litigation who are not named in the *Windham Trust* case or other cases on which the motion is predicated, and who therefore did not even participate in the prior depositions.

The Court therefore denies Penn Mutual's motion to the extent that it seeks to foreclose questions that have been asked by GreatBanc in other depositions. For similar reasons, the Court also denies the motion to require the depositions to take place by telephone (or teleconference) or in Philadelphia. Penn Mutual filed its case in this district and, contrary to its assertion, the general rule in federal litigation is that the plaintiff (and its officers) are required to make themselves available for deposition in the district in which the plaintiff brought the suit. *See, e.g., MCI Worldcom Network Servs. v. Atlas Excavating, Inc.,* 2004 WL 755786, *2 (N.D. Ill. Feb. 23, 2004) ("general rule is that plaintiff, even if a non-resident, must make appear at depositions in the forum of its choosing"; requiring depositions of corporate representative in district where suit was filed); 8A Wright & Miller, Federal Practice & Procedure § 2112 at 527 ("ordinarily, plaintiff will be required to make himself . . . available for examination in the district in which suit was brought"). *Zuckert v. Berkliff Corp.,* 96 F.R.D 161 (N.D. Ill. 1982), on which Penn Mutual relies, does not stand for a contrary proposition. The issue in was the location of the deposition of a corporate *defendant,* not plaintiff and expressly recognized that were the corporation a plaintiff, the deposition in the district where its claim was brought would be appropriate.

Unquestionably, however, the Court has discretion to require the depositions to take place in Philadelphia if conducting them in Chicago would pose an undue hardship. In this case, however, conducting the depositions in the forum district would not pose such a hardship. Plaintiff is a substantial company that has launched a broad array of law suits to protect its commercial interests in various federal and state courts. As noted above, for whatever reason, it has not attempted to coordinate any of the discovery in the cases related to this one, even where it filed those cases in the same district within days of each other. If the consequence of such decisions is to incur higher litigation costs, the Court does not find that hardship to warrant a departure from the general rule, and the imposition of higher litigation costs on those seeking to

**STATEMENT**

defend against Penn Mutual's claims.

Further, much of Penn Mutual's argument about the enhanced efficiency of conducting the depositions in Philadelphia is premised on its request to limit the scope of the depositions to questions that have not been asked in depositions conducted in other cases; Penn Mutual submits that the depositions will be relatively brief and can therefore be conducted "*seriatim* with minimal delays between depositions" if taken in Philadelphia, where the witnesses are located and can be made available quickly. The depositions will not be limited as Penn Mutual has requested, however, so the greater efficiency hypothesis is not compelling.

And finally on this point, the Court notes that, as the party that has noticed the depositions, GreatBanc has presumably determined that conducting the depositions in Chicago rather than Philadelphia is more efficient from its perspective. GreatBanc has presumably factored into its calculus that the costs of witness attendance at depositions are taxable to the losing party (*see* 28 U.S.C. § 1821 and § 1920(3)). In so noting, the Court intends no comment on the substantive merit of either party's positions; the point is that, given the uncertain outcome of litigation, each party has an incentive to cooperate in conducting depositions as economically as possible consistent with its evaluation of whether a particular proposal is material to the likelihood of prevailing in the case. In short, GreatBanc, rather than Penn Mutual, may ultimately have to pay the costs of requiring Penn Mutual's witnesses to come to Chicago; it has presumably decided that risk is worth taking in light of the benefits it perceives in conducting the depositions here.

Based on the foregoing, the Court finds no basis to prefer the plaintiff's efficiency over the defendant's, particularly where the parties are each sophisticated commercial entities. Accordingly, Penn Mutual's motion is denied.